## Brooke's Estate (No. 3).

*Lunacy—Committee of lunatic—Accounts—Surcharge—Loss of rent.*

A committee of a lunatic will not be surcharged for renting a house for $18.00 per month, instead of $20.00 per month, and for loss of rent from a tenant, and for amount of rental when the house was vacant, where it appears that the committee used every reasonable effort to collect the rent from the tenant in arrears, and to rent the property when vacant, and there is no evidence to show that the house was worth more than the rental which the committee actually received.

Argued Dec. 10, 1907. Appeal, No. 149, Oct. T., 1907, by Victorine H. Brooke, from decree of C. P. No. 1, Phila. Co., March T., 1903, No. 1,195, dismissing exceptions to auditor's report in estate of James Brooke, trust for James Henry Brooke. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to auditor's report.
The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Edwin F. Schively* and *Wm. W. Porter,* with them *Sidney E. Smith,* for appellant.

*D. P. Hibberd,* with him *George Henderson,* for appellee.

OPINION BY PORTER, J., July 15, 1908:

Victorine H. Brooke appeals from the decree of the court below overruling her exceptions and confirming the report of the auditor, appointed to pass upon exceptions filed to the account of Samuel P. Tull, trustee of the life estate of James Henry Brooke, created by deed of James Brooke, in the property, No. 1616 Waverly street. The first and second specifications assign for error the failure of the auditor to surcharge the accountant because of his alleged failure to obtain from the

property all the rent that the appellant alleges it was worth during the entire period that the trustee had charge of the property. The appellant contends that the house was worth a rental of $20.00 a month and that the trustee ought to have collected that amount. The evidence shows that the trustee rented the house for $18.00 a month, and that this appellant had rented it at the same rate during the period immediately preceding the appointment of the trustee, while she herself had charge of the property. The appellant further avers that, while the property was occupied, the trustee permitted the tenant to become in arrears for between four and five months of rent, amounting to $83.75, which amount could have been collected had due diligence been exercised. The appellant, herself, had placed this tenant in the property, the trustee received the tenant with the property from the appellant, who admits that she said to the trustee, speaking of this tenant: "I have known her for a long time and I would not put a constable on her for one month's rent." The agent of the trustee called upon this tenant and attempted to collect the rent weekly, sometimes oftener, as found by the auditor and shown by the evidence. The tenant attempted to pay the rent in small sums, sometimes making payment of less than $1.00 when called upon. The trustee finally issued a landlord's warrant, but failed to realize anything thereon, as the tenant was very poor and the property was not sufficient to pay the costs. The appellant further asserts that the trustee ought to have been able to more promptly procure another tenant when the property thus became vacant. The evidence shows that the trustee at once employed a competent real estate agent, and made all reasonable endeavors to rent the property. Notwithstanding this, however, the appellant contends that because the trustee placed the renting of the house "in the hands of a real estate agent some six or seven squares away from the neighborhood, instead of finding one somewhere near," that the trustee was guilty of negligence and should be surcharged for the rent during the six weeks in which the property remained vacant. The auditor found that although the trustee might have made a mistake in accepting the recommendation of this

appellant as to the first tenant, and might possibly have made more money out of the property by at once issuing a landlord's warrant and dispossessing that tenant, yet that this was only a mistake of judgment made in good faith, and that the trustee was not guilty of such negligence as to justify surcharging him with the rent. After having considered the whole evidence upon the point we are convinced that the conclusion of the auditor was correct. The accountant made every reasonable effort to collect the rent, his agents calling upon the tenant with unusual frequency and urging payment, and we are of opinion that the accountant ought not to be surcharged under the circumstances presented by this case, for the rent lost because of the failure of this tenant to pay. When the property became vacant the trustee at once employed a real estate agent to find a tenant, and upon this branch of the appellant's contention there is no evidence which would warrant a finding that the trustee neglected his duty. The evidence certainly did not establish that the trustee was guilty of negligence in renting the property at too low a rate; some houses on that street may have rented for $20.00 a month, $2.00 more than the rate at which this house was rented, but it was not shown that this house was worth more than the trustee actually received.

The decree is affirmed, and the appeal dismissed at costs of the appellant.